FILED
IN CLERK'S OFFICE
US DISTRICT COURT
E.D.N.Y.
\* SEPTEMBER 18, 2023 \*
BROOKLYN OFFICE

FJN:ADW/TBM
F. #2021R00370 / OCDETF#NY-NYE-0906

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

DANNY BERTOLINI,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 23-CR-374
(T. 18, U.S.C., §§ 982(a)(1), 982(b)(1),
1956(a)(1)(A)(i), 1956(a)(1)(B)(i),
1956(h), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p))

Judge Carol Bagley Amon
Magistrate Judge Marcia M. Henry

THE GRAND JURY CHARGES:

COUNT ONE
(Money Laundering Conspiracy)

1. In or about and between December 2019 and January 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DANNY BERTOLINI, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which transactions in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking and narcotics trafficking conspiracy, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, (a) with the intent to promote the carrying on of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i); and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source,

the ownership and the control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNTS TWO THROUGH SIX
(Money Laundering)

2. On or about the approximate dates set forth below, within the Eastern District of New York and elsewhere, the defendant DANNY BERTOLINI, together with others, did knowingly and intentionally conduct and attempt to conduct one or more financial transactions affecting interstate commerce, which financial transactions involved the proceeds of specified unlawful activity, to wit: narcotics trafficking and narcotics trafficking conspiracy, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the property involved in such financial transactions represented the proceeds of some form of unlawful activity, (a) with the intent to promote the carrying on of said specified unlawful activity, and (b) knowing that such transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and control of the proceeds of the specified unlawful activity, as set forth below:

| Count | Date | Transaction |
|---|---|---|
| TWO | 05/07/2021 | Deposit of $46,000 check issued by a company controlled by BERTOLINI (the "Shell Company"), an entity the identity of which is known to the Grand Jury, into the account of a co-conspirator (the "Co-Conspirator Account") |
| THREE | 07/21/2021 | Deposit of $48,000 check issued by the Shell Company into the Co-Conspirator Account |
| FOUR | 10/08/2021 | Deposit of $49,000 check issued by the Shell Company into the Co-Conspirator Account |

| | | |
|---|---|---|
| FIVE | 11/10/2021 | Deposit of $44,000 check issued by the Shell Company into the Co-Conspirator Account |
| SIX | 11/19/2021 | Deposit of $48,000 check issued by the Shell Company into the Co-Conspirator Account |

(Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

3. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offenses to forfeit any property, real or personal, involved in such offenses, or any property traceable to such property.

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

By *[signature]*, A.U.S.A.
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2021R00370 / OCDETF#NY-NYE-0906

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

DANNY BERTOLINI

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 982(a)(1), 982(b)(1), 1956(a)(1(A)(i), 1956(a)(1)(B)(i), 1956(h), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____
                                                                                            *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                                                                 *Clerk*

*Bail, $* _____

*Andrew D. Wang & Tara McGrath, Assistant U.S. Attorneys (718) 254-7000*